RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

CRAIG CARPENITO
United States Attorney

Katherine Reinhart
Trial Attorney
United States Department of Justice
PO Box 227
Washington DC, 20044
Tel: (202) 307-6528
Fax: (202) 514-6866
katherine.reinhart@usdoj,gov
*Attorney for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Newark Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE, as the executor of the | ) |
| ESTATE OF CHARLES BLAZER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury in accordance with 31 U.S.C. § 3711(g)(4)(C), and at the direction of the Attorney General of the United States, brings this civil action to collect the penalty assessed against Charles Blazer under 31 U.S.C. § 5321(a)(5) for his failure to report his interest in a foreign bank account for calendar year 2010. In support of this action, the United States alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Charles Blazer resided in this district at the time of his death in July, 2017, and his will was lodged in this district in the Union County Surrogate's Court.

## PARTIES

3. The plaintiff is the United States of America.

4. The defendant is the Estate of Charles Blazer. Blazer's will has been lodged in the Union County Surrogate's Court. The United States filed an application for a probate proceeding to be opened and anticipates amending its complaint to name the executor after one is appointed.

## DEFENDANT'S FAILURE TO REPORT HIS
## INTEREST IN A FOREIGN FINANCIAL ACCOUNT

5. All citizens and residents of the United States who have a financial interest in, or signatory or other authority over, any foreign financial account that had a maximum value greater than $10,000 during the calendar year are required to file an annual report disclosing the existence of each account. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350.

6. The annual report, known as a Report of Foreign Bank and Financial Accounts ("FBAR") for a calendar year is due no later than June 30 of the year following the calendar year. 31 C.F.R. § 1010.306(c).

7. Charles Blazer ("Blazer") was a United States citizen.

8. Blazer was an executive committee member of the Federation Internationale de Football Association ("FIFA") from approximately 1997 to 2013. He was also the general

2

secretary of the Confederation of North, Central American and Caribbean Association Football ("CONCACAF") from approximately 1990 to 2011.

9. While Blazer held those positions, he accepted bribes and kickbacks.

10. Between 2008 and 2011, to conceal the payments referenced in paragraph 9 above Blazer transferred money to and from accounts he owned in the Caribbean.

11. In 2010, Blazer owned accounts in the Bahamas with a balance greater than $10,000.

12. Blazer intentionally and willfully did not report the existence of his foreign accounts to the Internal Revenue Service.

13. Between 2005 and 2010, Blazer knowingly and intentionally did not file income tax returns and did not pay his income tax liabilities.  One reason for that was to conceal the true amount of his income.

## CLAIM FOR RELIEF

14. Blazer was subject to the reporting requirements contained in 31 U.S.C. § 5314 for calendar year 2010, because he was a United States citizen, had an interest in and/or signatory authority over accounts in the Bahamas, and the balance of his foreign accounts exceeded $10,000.

15. Blazer violated the reporting requirements of 31 U.S.C. § 5314 because he failed to file an FBAR for 2010.

16. Section 5321(a)(5) provides for civil penalties for the failure to comply with the reporting requirements of section 5314.  31 U.S.C. §§ 5314, 5321(a)(5).

17. Blazer agreed that his failure to comply with the reporting requirements was willful under 31 U.S.C. § 5321(a)(5) and that he was subject to a penalty of $487,876 for 2010.

18. On February 29, 2016, a delegate of the Secretary of the Treasury assessed a civil penalty against Blazer under 31 U.S.C. § 5321(a)(5) in the amount of $487,876 for 2010.

19. Notice of the assessment was given to Blazer and payment of the assessment was demanded from from Blazer.

20. Despite the notice and demand for payment, Blazer has failed to pay the penalty assessed against him.

21. Interest and a late payment penalty have accrued and will continue to accrue on the penalty assessment described in paragraph 18 above pursuant to 31 U.S.C. § 3717.

22. As of May 4, 2017, Blazer was indebted to the United States in the amount of $528,109.07 plus statutory additions which continue to accrue thereafter as provided by law.

WHEREFORE, the Plaintiff, the United States of America, respectfully prays as follows:

A. That the Court enter judgment in favor of the United States and against the Estate of Charles Blazer in the amount of $528,109.07 for the penalty assessed against him under 31 U.S.C. § 5321(a)(5), accrued interest on such penalty, a late payment penalty, and further statutory additions thereon as allowed by law from May 4, 2017 to the date of payment; and

//

//

B.	That the Court award such other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

Date: February 22, 2018

                CRAIG CARPENITO
                United States Attorney

                RICHARD E. ZUCKERMAN
                Principal Deputy Assistant Attorney General

                s/ *Katherine M. Reinhart*
                KATHERINE M. REINHART
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 227
                Washington, D.C.  20044
                202-307-6528 (v)
                202-514-6866 (f)
                Katherine.Reinhart@usdoj.gov

**DESIGNATION UNDER LOCAL RULE OF CIVIL PROCEDURE 101.1(f)**

In accordance with Local Rule of Civil Procedure 101.1(f), the undersigned hereby designate the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

Chief, Civil Division
United States Attorney's Office
District of New Jersey
970 Broad Street, Ste. 700
Newark, New Jersey 07102

 s/ *Katherine Reinhart*
KATHERINE REINHART
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-6528 (v)
202-514-6866 (f)
Katherine.Reinhart@usdoj.gov

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                 s/ *Katherine Reinhart*
                                                 KATHERINE REINHART
                                                 Trial Attorney, Tax Division
                                                 U.S. Department of Justice
                                                 P.O. Box 227
                                                 Washington, D.C. 20044
                                                 202-307-6528 (v)
                                                 202-514-6866 (f)
                                                 Katherine.Reinhart@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____